IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

```
ADAM LOPICCOLO,                    :
                                   :
            Plaintiff,             :   CIVIL ACTION
                                   :
      v.                           :   NO. 10-CV-3131
                                   :
AMERICAN UNIVERSITY, et al.,       :
                                   :
            Defendants.            :
```

**MEMORANDUM AND ORDER**

**Joyner, J.**                                          **March 29, 2011**

Before this Court are the Motion to Dismiss Plaintiff's Amended Complaint Pursuant to Rule 12(b)(2), (3), and (6) of Defendants American University, the Board of Trustees of American University, and Robert Acunto (Doc. No. 9), Plaintiff's response in opposition thereto (Docs. Nos. 15, 17), and the Defendants' reply in further support thereof (Doc. No. 20), as well as Defendant Mark Cody's Motion to Dismiss Plaintiff's Amended Complaint for Lack of Jurisdiction, Improper Venue and for Failing to State a Claim for Which Relief Can Be Granted (Doc. No. 10), Plaintiff's response in opposition thereto (Docs. Nos. 16, 18), and Defendant Cody's reply in further support thereof (Doc. No. 19). For the reasons set forth in this Memorandum, the Court denies the Motions to Dismiss but, finding venue improper in the Eastern District of Pennsylvania, transfers the case to the United States District Court for the District of Columbia.

1

**I. Background**

Plaintiff Adam LoPiccolo was a college wrestler let go from his team in the middle of his third year at American University, allegedly in violation of an athletic scholarship agreement. Plaintiff thereafter brought this diversity action against Defendants American University, the Board of Trustees of American University, athletic director Robert Acunto, and men's wrestling coach Mark Cody for (1) breach of contract, (2) breach of the duty of good faith and fair dealing, (3) fraud in the inducement, (4) intentional infliction of emotional distress, and (5) negligent infliction of emotional distress.  All defendants moved to dismiss for lack of personal jurisdiction, improper venue, and failure to state a claim; Defendant Cody also moved to dismiss for lack of subject matter jurisdiction.

**II. Discussion**

A. Subject matter jurisdiction

A federal court has subject matter jurisdiction over state law claims when there is complete diversity of citizenship and the amount in controversy exceeds $75,000.  28 U.S.C. 1332(a) (2006).  To dismiss for failure to meet the amount in controversy requirement, it "must appear to a legal certainty that the claim is really for less than the jurisdictional amount."  St. Paul Mercury Indem. Co. v. Red Cab Co., 303 U.S. 283, 289 (1938); see also Suber v. Chrysler Corp., 104 F.3d 578, 583 (3d Cir. 1997)

2

("[W]hether a plaintiff's claims pass the 'legal certainty' standard . . . should involve the court in only minimal scrutiny of the plaintiff's claims. The court should not consider . . . the legal sufficiency of those claims or whether the legal theory advanced by the plaintiffs is probably unsound . . . . [T]he threshold to withstand a motion to dismiss under Fed. R. Civ. P. 12(b)(1) is thus lower than that required to withstand a Rule 12(b)(6) motion." (internal quotation marks omitted)).

Here, there is complete diversity of citizenship: Plaintiff is a citizen of Pennsylvania, while Defendants are citizens of the District of Columbia or states other than Pennsylvania. Defendant Cody maintains that the amount in controversy does not exceed $75,000 because Plaintiff's scholarship was valued at $50,000 per year and Plaintiff received that amount for three of the four years he could have wrestled. Plaintiff was let go in the middle of his third year, however, and, unable to compete, allegedly did not receive all the benefits of the bargain that year (or the next year). Additionally, while Cody argues that the tort claims should not be considered in calculating the amount in controversy because the statute of limitations purportedly bars them, the law is clear that defenses to claims, including a statute of limitations bar, do not reduce the amount in controversy for jurisdictional purposes. See Wade v. Rogala, 270 F.2d 280, 284 (3d Cir. 1959) (quoting St. Paul, 303 U.S. at

3

289); Apicella v. Valley Forge Military Acad. & Junior Coll., 630 F. Supp. 20, 24 (E.D. Pa. 1985). Thus, the Court cannot conclude at this early stage that it is legally certain that Plaintiff could not recover more than $75,000. Subject matter jurisdiction exists.

B. Venue

Although a challenge to personal jurisdiction is typically decided before one to venue, a court may "reverse the normal order" and consider venue first when there is a "sound prudential justification for doing so." Leroy v. Great W. United Corp., 443 U.S. 173, 180 (1979); see also Cottman Transmission Sys., Inc. v. Martino, 36 F.3d 291, 293 (3d Cir. 1994); J.F. Lomma, Inc. v. Stevenson Crane Servs., Inc., No. 10-3496, 2011 U.S. Dist. LEXIS 10998, at *9 (D. N.J. Feb. 3, 2011) ("As the venue issue is clear and dispositive, this matter presents a 'sound prudential justification' for deciding the issue of venue before that of personal jurisdiction."); Reliance Standard Life Ins. Co. v. Aurora Fast Freight, Inc., No. 96-7488, 1997 U.S. Dist. LEXIS 1904, at *5 n.2 (E.D. Pa. Feb. 24, 1997) (finding it unnecessary to address the motion to dismiss for lack of personal jurisdiction because venue was clearly improper). Because venue in the Eastern District of Pennsylvania is clearly improper in this case, see infra, it is not necessary to address Defendants' motions to dismiss for lack of personal jurisdiction.

4

The Court notes at the outset that both parties confuse the applicable law governing the issues in this case. Notably, venue is concerned with the appropriate <u>district</u> in which to bring a claim (in contrast to personal jurisdiction, which is concerned with the proper <u>state</u>). When considering a motion to dismiss for improper venue in a federal case based solely on diversity, the governing statute is 28 U.S.C. § 1391(a):

> A civil action wherein jurisdiction is founded only on diversity of citizenship may, except as otherwise provided by law, be brought only in (1) a judicial district where any defendant resides, if all defendants reside in the same State, (2) a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred, or a substantial part of property that is the subject of the action is situated, or (3) a judicial district in which any defendant is subject to personal jurisdiction at the time the action is commenced, if there is no district in which the action may otherwise be brought.

28 U.S.C. § 1391(a) (2006). Corporations, for the purposes of the venue statute, are deemed to reside in any judicial district in which they are subject to personal jurisdiction when the action commenced. <u>Id.</u> § 1391(c). Under § 1391(a)(2), "[t]he test for determining venue is not the defendant's 'contacts' with a particular district, but rather the location of those 'events or omissions giving rise to the claim.'" <u>Cottman</u>, 36 F.3d at 294. Events or omissions with tangential connections to the litigation are not enough to make venue proper. <u>Id.</u> Thus, while a court must accept the allegations in the plaintiff's complaint as true when considering a motion to dismiss for improper venue,

5

Leone v. Cataldo, 574 F. Supp. 2d 471, 483 (E.D. Pa. 2008), and though the defendant bears the burden of proving that venue is improper, Myers v. Am. Dental Ass'n, 695 F.2d 716, 724-25 (3d Cir. 1982), the venue statute "still favors the defendant in a venue dispute by requiring that the events or omissions supporting a claim be 'substantial.'" Cottman, 36 F.3d at 294.

In this case, the critical venue provision is § 1391(a)(2), because Defendants do not all reside in Pennsylvania and because there is another district in which this action could be brought. The record is clear that a very substantial part of the events took place at American University, in Washington, D.C.—that is where the athletic scholarship agreement was to be performed, where the Grant-in-Aid agreement for Plaintiff's third year was entered into, and where Plaintiff learned he was being removed from the team. While these events would not necessarily preclude another venue's also having been the location of a "substantial part" of the events giving rise to the claims, no alleged act giving rise to Plaintiff's claims occurred in the Eastern District of Pennsylvania. While Defendant Cody allegedly attended a wrestling match in Hershey, Pennsylvania, when attempting to recruit Plaintiff to American, Hershey is in Dauphin County, in the Middle District of Pennsylvania. Likewise, while the denial of Plaintiff's university appeal to reinstate his athletic award was sent to Plaintiff's address in

6

Glen Rock, Pennsylvania, Glen Rock is in York County, in the Middle District of Pennsylvania. Because nothing in the record occurred in the Eastern District of Pennsylvania, let alone a substantial part of the acts giving rise to Plaintiff's claims, venue is improper. See Great Seal Moorish Sci. Temple of Am., Inc. v. New Jersey, No. 05-0345, 2005 U.S. Dist. LEXIS 21550, at *7 (E.D. Pa. Sept. 28, 2005) (holding that venue was improper when the record was devoid of any fact showing a connection with the district); cf. Rojas v. Trans States Airlines, Inc., 204 F.R.D. 265, 267-68 (D. N.J. 2001) (finding venue improper under the comparable Title VII standard when there was "no evidence that the wrongful [act] was committed in [the district]").[1]

C. Transfer

When a court rules that venue is improper, it can either dismiss the action or, "if it be in the interest of justice, transfer such case to any district . . . in which it could have been brought." 28 U.S.C. § 1406(a) (2006). The decision whether to transfer under § 1406(a) is in the sound discretion of the district court, Lafferty v. Gito St. Riel, 495 F.3d 72, 75 n.3

---

[1] Plaintiff's argument concerning the balance of private and public factors is simply irrelevant; such factors are only considered in a forum non conveniens challenge, and "the doctrine of forum non conveniens can never apply if there is . . . mistake of venue." Gulf Oil Corp. v. Gilbert, 330 U.S. 501, 504 (1947), superseded by statute on other grounds as stated in Am. Dredging Co. v. Miller, 510 U.S. 443 (1994). Because venue is improper under § 1391(a), Plaintiff's purported "choice" of the Eastern District of Pennsylvania is entitled to no deference.

(3d Cir. 2007), and does not require the same consideration of factors as transfer under § 1404(a) for forum non conveniens. See Rojas, 204 F.R.D. at 269. The transferring court in a § 1406(a) analysis "must simply determine a venue in which the action originally could have been brought that serves the interest of justice." Id. Contrary to Defendants' contention, the court may transfer under § 1406(a) whether it has personal jurisdiction over the defendants or not, Goldlawr, Inc. v. Heiman, 369 U.S. 463, 465-66 (1962), and may do so even if the defendants have not requested the transfer. See, e.g., Albright & Friel, Inc. of Del. v. United States, 142 F. Supp. 607, 609 (E.D. Pa. 1956) (holding that the action should be transferred rather than dismissed, even though the defendant only moved for dismissal); accord Crenshaw v. Antokol, 287 F. Supp. 2d 37, 45 (D. D.C. 2003).

Because dismissal in this case could cause Plaintiff's suit to be time-barred, this Court finds that it is in the interest of justice to transfer. See generally Lafferty, 495 F.3d at 79. Because a substantial part of the events giving rise to Plaintiff's claims occurred in Washington D.C., see supra, the United States District Court for the District of Columbia is an appropriate venue, and Defendants, who reside and/or work in that district, would all be subject to personal jurisdiction there. Accordingly, the case will be transferred to the United States

District Court for the District of Columbia for further proceedings.

## III. Conclusion

For the foregoing reasons, the Court denies Defendants' Motions to Dismiss but, finding venue improper, transfers the case to the United States District Court for the District of Columbia pursuant to 28 U.S.C. § 1406(a).